UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )   )| |
| v.    )   ) | Case No. 3:19-CR-005-JD-MGG |
| DEQUAN DEMARCO BRIGGS )  | |

## **OPINION AND ORDER**

This matter is before the Court on the Defendant's request for compassionate release. For the reasons stated below, the Defendant's request is DENIED without prejudice.

### I. BACKGROUND

On April 17, 2019, the Defendant pleaded guilty to possession of a firearm by a felon. DE 17; 18 U.S.C. § 922(g)(1). On August 5, 2019, the Court sentenced the Defendant to 27 months of imprisonment. DE 29. The Defendant is currently housed at FCI Hazelton in West Virginia. *See* INMATE LOCATOR, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 28, 2020). The Defendant is currently 25 years old, and his projected release date is January 21, 2021. *Id.*

On July 22, 2020, the Defendant filed a letter in which he requested "an early release date" due to the COVID-19 pandemic. DE 33. The Defendant stated that his prison is currently on lockdown due to a COVID-19 outbreak. *Id.* He stated that he is concerned for his health due to his asthma and weakened immune system. *Id.*

The Court construed the letter as a request for compassionate release and ordered a response by the Government. DE 36. The Court also referred the matter to the Federal Community Defenders Office, but they were unable to represent the Defendant. DE 35. On August 4, 2020, the Government filed a response in which it argued that the Defendant failed to

exhaust his administrative remedies. DE 37. The Defendant did not file a reply or provide any supplemental briefing.

## II.  ANALYSIS

The Defendant's request for compassionate release is denied at this time. In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020).

"In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic." *United States v. Stewart*, No. 3:13-CR-126, 2020 WL 3428033, at *2 (N.D. Ind. June 23, 2020); *see also United States v. Root*, No. 1:11-CR-69, 2020 WL 4783635, at *2 (N.D. Ind. Aug. 18, 2020). "To the extent that they are applicable, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)." *Stewart*, 2020 WL 3428033, at *2. Finally, "[a] defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) can only be made 'after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

2

of the defendant's facility, whichever is earlier.'" *United States v. Hawkins*, No. 2:17-CR-134, 2020 WL 3264115, at *1 (N.D. Ind. June 17, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction. *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *2 (C.D. Ill. May 12, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020)). "Whether to grant relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is left to the sound discretion of the district court." *Stewart*, 2020 WL 3428033, at *2.

In this case, the Defendant requests an early release date due to the COVID-19 pandemic. DE 33. However, even under the generous standard given to *pro se* litigants, the instant request does not provide adequate explanation or analysis. For example, the Defendant does not indicate whether he exhausted his administrative remedies. Further, the Defendant does not provide any evidence in support of his claimed medical conditions. Also, the Defendant does not discuss the factors set forth in 18 U.S.C. § 3553(a). "The parties—not the courts—must research and construct available legal arguments." *United States v. Collins*, 796 F.3d 829, 836 (7th Cir. 2015). Furthermore, "undeveloped arguments without discussion or citation to pertinent legal authority are waived." *United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017) (quoting *United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014)). Thus, based upon the current record, the Court concludes that the Defendant has waived the issue.

In an exercise of discretion, the Court grants the Defendant leave of court to file a renewed motion for compassionate release. Any such request should discuss whether he exhausted his administrative remedies. Further, the Defendant should discuss his physical health and the current condition of his prison. To the extent that the Defendant finds caselaw favorable to his request, he should cite the authority within his motion for compassionate release. Any

relevant documentary evidence should be included as an exhibit and cited within the motion for compassionate release.

### III.  CONCLUSION

For the reasons stated above, the Defendant's request for compassionate release [DE 33] is DENIED without prejudice. Consistent with this Opinion and Order, the Defendant has leave of court to file a Renewed Motion for Compassionate Release.

SO ORDERED.

ENTERED: August 31, 2020

                                               /s/ JON E. DEGUILIO
                                               Chief Judge
                                               United States District Court